

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

MERRITT HAWKINS, §
& ASSOCIATES, LLC §
§
    Plaintiff, §
§
v. § Civil Action No. 3:13-CV-00312-P
§
LARRY SCOTT GRESHAM, et. al. §
§
    Defendants. §

## COURT'S CHARGE TO THE JURY

**MEMBERS OF THE JURY:**

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

**COURT'S CHARGE TO THE JURY - Page 1**

164

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court in these instructions, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons, and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

When a corporate entity is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee acting in a supervising or managerial capacity of a corporate entity may bind that entity by his or her acts and declarations made while acting within the scope of his or her duties as an employee of that corporate entity.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, the exhibits admitted in the record, and stipulated facts. Stipulated facts must be accepted as proven facts. Any evidence as to which an objection was sustained by the Court and any evidence ordered stricken by the Court, must be entirely disregarded.

**COURT'S CHARGE TO THE JURY - Page 2**

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Generally speaking, there are two types of evidence which a jury may consider in properly finding the truth as to the facts in this case. One is "direct" evidence — such as testimony of an eyewitness. The other is "indirect" or "circumstantial" evidence — the proof of a chain of circumstances which points to the existence or nonexistence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts from a preponderance of all the evidence, both direct and circumstantial.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be an expert, and

**COURT'S CHARGE TO THE JURY - Page 3**

may also state their reasons for their opinions. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider his or her relationship to Plaintiff or to Defendants; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified; his or her candor, fairness and intelligence; and the extent to which he or she has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

During the trial of this case, certain testimony has been read to you by way of depositions, consisting of sworn answers to questions asked of the witnesses in advance of trial. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by the jury in the same way, insofar as possible, as if the witness had been present and had given from the witness stand the same testimony as given in the deposition.

**COURT'S CHARGE TO THE JURY - Page 4**

I will instruct you as to which party has the burden of proof on each essential element of its claim in the case. The party having the burden of proof on each issue of fact must prove that fact by a "preponderance of the evidence." Unless otherwise instructed, you must answer all questions from a preponderance of the evidence. A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a preponderance of the evidence merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have introduced them. If the proof should fail to establish any essential element of the Plaintiff's claims by a preponderance of the evidence, the jury should find for the other party as to that claim.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time he or she said or did something, or failed to say or do something, which is inconsistent with the witness' present testimony. If you believe that any witness has been so impeached, it is in your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

In answering the questions which I will submit to you, answer "yes" or "no" unless otherwise instructed. A "yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no."

**COURT'S CHARGE TO THE JURY - Page 5**

After I have completed reading these instructions and reviewing the verdict form and jury questions with you, counsel will have the opportunity to make their closing arguments.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that all members of the jury agree to it. You therefore may not enter into an agreement to be bound by a majority or any vote other than a unanimous one.

Remember at all times that you are not partisans. Rather, you are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one juror to act as your presiding officer who will preside over your deliberations and will be your spokesperson here in Court. A verdict form has been prepared for your convenience. Your presiding officer will sign in the space provided below after you have reached your verdict.

If, during your deliberations, you wish to communicate with the Court, you should do so only in writing by a note handed to the Deputy Marshal and signed by the presiding officer. During your deliberations, you will set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long.

After you have reached your verdict, you will return these instructions together with your written answers to the questions that I will submit to you. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.

**COURT'S CHARGE TO THE JURY - Page 6**

Date:   January _27_ , 2015.

JORGE A. SOLIS

UNITED STATES DISTRICT JUDGE

# QUESTION 1

**Computer Fraud and Abuse Act**

MHA claims that Defendant Gresham violated two provisions of the Computer Fraud and Abuse Act, Section 1030(a)(4) and Section 1030(a)(5). These alleged violations of the Computer Fraud and Abuse Act are independent, and you need not find that Defendant Gresham violated both sections of the Computer Fraud and Abuse Act to find for MHA. Thus, if you find that Defendant Gresham breached either one, or both, of these provisions of the Computer Fraud and Abuse Act, then Gresham has violated the Computer Fraud and Abuse Act. In connection with these claims, MHA argues that it is entitled to recover a monetary amount from Gresham to reimburse MHA for the loss caused by Gresham's violations of the Computer Fraud and Abuse Act. MHA bears the burden of proof to establish both a violation of the Computer Fraud and Abuse Act and its right to collect damages.

Under the Computer Fraud and Abuse Act, "authorization" is given its ordinary meaning, and the term "exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter.

Likewise, the Computer Fraud and Abuse Act defines the term "loss" to mean any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of the interruption of service. Fees paid to an expert specifically to assist in litigation do not fall within the definition of loss.

**COURT'S CHARGE TO THE JURY - Page 8**

**Question 1A:**

In order for MHA to sustain its burden of proof regarding its claim that Defendant Gresham violated Section 1030(a)(4) of the Computer Fraud and Abuse Act, MHA must prove the following elements:

1. Defendant knowingly accessed without authorization, or exceeded his authorized access of, a computer that was used in interstate or foreign commerce or interstate or foreign communication;
2. Defendant did so with the intent to defraud;
3. by accessing the computer without authorization, or by exceeding his authorized access, Defendant furthered the intended fraud;
4. by accessing the computer without authorization, or by exceeding his authorized access, the Defendant obtained anything of value, other than the use of the computer itself; and
5. Defendant, by accessing the computer without authorization, caused loss to one or more persons during any one-year period aggregating at least $5,000 in value.

Did Defendant Gresham violate Section 1030(a)(4) of the Computer Fraud and Abuse Act?

Answer "Yes" or "No."

**Answer:** _____ *N O* _____

**Question 1B:**

In order for MHA to sustain its burden of proof regarding its claim that Defendant Gresham violated Section 1030(a)(5) of the Computer Fraud and Abuse Act, MHA must prove the following elements:

1. Defendant intentionally accessed without authorization a computer that was used in interstate or foreign commerce or interstate or foreign communication;
2. Defendant, by accessing the computer without authorization, caused damage; and
3. Defendant, by accessing the computer without authorization, caused loss to one or more persons during any one-year period aggregating at least $5,000 in value.

Did Defendant Gresham violate Section 1030(a)(5) of the Computer Fraud and Abuse Act?

Answer "Yes" or "No."

**Answer:** _____ *N O* _____

*If you answered Yes to Question 1A, then answer Question 2. If you answered No to Question 1A and Yes to Question 1B, proceed to Question 3. If you answered No to both Question 1A and 1B, proceed to Question 4.*

**COURT'S CHARGE TO THE JURY - Page 9**

## DAMAGES

If you find that the Plaintiff has proved any of its claims against Defendants, you must determine the damages to be awarded to the Plaintiff.  Plaintiff has the burden of proving those damages by a preponderance of the evidence.

You should not interpret the fact that I have given instructions about damages as an indication in any way that I believe that Plaintiff should, or should not, win this case.  It is your task to first decide whether the Defendants are liable.  I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable and that Plaintiff are entitled to recover money from Defendants.

If you decide to award damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  You should not award damages for speculative injuries, but only for those injuries which Plaintiff has actually suffered.  On the other hand, the law does not require that Plaintiff prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Consider the elements of damages listed below and none other.  Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss.  That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find. Do not increase or reduce the amount in one answer because of your answer to any other question about damages.

A person who claims damages resulting from the wrongful act of another has a duty under

**COURT'S CHARGE TO THE JURY - Page 10**

the law to use reasonable diligence to mitigate his damages, that is, to avoid or to minimize those damages.

If you find a Defendant is liable and MHA has suffered damages, MHA may not recover for any item of damage that it could have avoided through reasonable effort. If you find that a Defendant has proved by a preponderance of the evidence that MHA unreasonably failed to take advantage of an opportunity to lessen its damages, you should deny MHA recovery for those damages that MHA would have avoided had it taken advantage of the opportunity.

You are the sole judge of whether MHA acted reasonably in avoiding or minimizing its damages. An injured MHA may not sit idly by when presented with an opportunity to reduce its damages. However, it is not required to make unreasonable efforts or to incur unreasonable expenses in mitigating damages. Defendants have the burden of proving the damages that MHA could have mitigated. In deciding whether to reduce MHA's damages because of its failure to mitigate, you must weigh all the evidence in light of the circumstances of the case, using sound discretion in deciding whether Defendants have satisfied their burden of proving that MHA's conduct was not reasonable.

## QUESTION 2

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate MHA for its loss, if any, that resulted from Gresham's violation of Section 1030(a)(4) of the Computer Fraud and Abuse Act?**

You are instructed that, as used in the Computer Fraud and Abuse Act, the term "loss" means any reasonable cost to MHA, including the cost of responding to the violation, the cost of conducting a damage assessment, the cost of restoring the data, program, computer system or information to its condition prior to the violation, and any revenue lost or other damages incurred because of the interruption of service.

Consider the following elements of damages, if any, and none other:

      A.     Reasonable and necessary expenses sustained by MHA.

"Reasonable and necessary expenses" include any sums that the plaintiff spent out of pocket as a natural, probable, and foreseeable consequence of the defendant's violation of Section 1030(a)(4) of the Computer Fraud and Abuse Act.

Answer in dollars and cents for damages, if any.

**Answer:** _____

*If you answered Yes to Question 1B, then answer Question 3. If you answered No to Question 1B, then do not answer Question 3, and proceed to Question 4.*

## QUESTION 3

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate MHA for its loss, if any, that resulted from Gresham's violation of Section 1030(a)(5) of the Computer Fraud and Abuse Act?**

You are instructed that, as used in the Computer Fraud and Abuse Act, the term "loss" means any reasonable cost to MHA, including the cost of responding to the violation, the cost of conducting a damage assessment, the cost of restoring the data, program, computer system or information to its condition prior to the violation, and any revenue lost or other damages incurred because of the interruption of service.

Consider the following elements of damages, if any, and none other:

      A.     Reasonable and necessary expenses sustained by MHA.

"Reasonable and necessary expenses" include any sums that the plaintiff spent out of pocket as a natural, probable, and foreseeable consequence of the defendant's violation of Section 1030(a)(5) of the Computer Fraud and Abuse Act.

Answer in dollars and cents for damages, if any.

**Answer:** _____

## QUESTION 4

**Harmful Access by Computer**

**Did Defendant Gresham knowingly or intentionally access MHA's computer, computer network, or computer system without the effective consent of MHA?**

You are instructed that consent is not effective if the Defendant used his access for a purpose other than that for which the consent was given by the Plaintiff.

Answer "Yes" or "No."

**Answer:** _____ Y E S _____

*If you answered Yes to Question 4, then answer the following question. If you answered No, do not answer Question 5, and proceed to Question 6.*

## QUESTION 5

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate MHA for the damages, if any, that resulted from Defendant Gresham's unauthorized access of MHA's computer, computer network or computer system?**

Consider the following elements of damages, if any, and none other:

A.    The value of the benefit obtained by Defendant Gresham through his harmful access of MHA's computer, computer network or computer system.

B.    MHA's reasonable and necessary expenses incurred as a natural, probable, and foreseeable consequence of Defendants Gresham's harmful access of MHA's computer, computer network or computer system.

Answer in dollars and cents for damages, if any.

**Answer:** $50,000.00

**COURT'S CHARGE TO THE JURY - Page 14**

## QUESTION 6

**Trade Secret**

You are instructed that a trade secret is any formula, pattern, device, or compilation of information that is used in one's business and presents an opportunity to attain an advantage over competitors who do not know or use it.

In determining whether a trade secret exists, you are to consider the following factors in the context of all the trial evidence:

(1) the extent to which the information was known outside MHA's business;

(2) the extent to which it was known by employees and others involved in MHA's business;

(3) the extent of the measures taken by MHA to guard the secrecy of the information;

(4) the value of the information to MHA and to its competitors;

(5) the amount of effort or money expended by MHA in developing the information; and

(6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

To qualify as a trade secret, the information must be substantially secret and a party must take reasonable measures to protect the secrecy of its trade secret. One who voluntarily discloses secret information or who fails to take reasonable precautions to maintain its secrecy cannot claim that the information constitutes a trade secret. Likewise, information that is generally known in the industry, readily ascertainable by inspection or independent investigation, or publicly disclosed is not a trade secret. The general knowledge, skills, and experience acquired by an employee during his employment are not trade secrets.

**Do you find that any of the information that MHA alleges Gresham took constitutes a trade secret owned by MHA?**

Answer "Yes" or "No."

**Answer:** ___YES___

*If you answered Yes to Question 6, answer Question 7. If you answered No, do not answer Question 7 through 12, and proceed to Question 13.*

**COURT'S CHARGE TO THE JURY - Page 15**

## QUESTION 7

To prove a cause of action for misappropriation of trade secrets, MHA must establish by a preponderance of the evidence that:

    (1) a trade secret existed;

    (2) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means; and

    (3) the trade secret was used for a commercial purpose without MHA's authorization.

A "confidential relationship" is a relationship where one party reposes confidence and special trust in another and is justified in placing such trust and confidence in the other party. The question is whether the recipient of the information knew or should have known that the information was a trade secret and that disclosure was made in confidence.

"Improper means" are means that fall below the generally accepted standards of commercial morality and reasonable conduct and include actions such as theft, fraud, unauthorized interception of communications, inducement of or knowing participation in a breach of confidence. For a defendant to have acquired knowledge of a trade secret by improper means, the defendant must have known or had reason to know that the information was a trade secret. A defendant does not acquire knowledge by improper means if the defendant discovers a trade secret by independent development or discovery.

"Use" means a commercial use by which a defendant seeks to profit from the trade secret. Merely receiving trade secret information does not constitute "use" of a trade secret.

**Do you find by a preponderance of the evidence that Gresham misappropriated a trade secret of MHA that you found in response to Question 6?**

Answer "Yes" or "No."

**Answer:**     _N O_      

*If you answered Yes to Question 7, then answer Question 8 below. If you answered No, proceed to Question 9.*

**COURT'S CHARGE TO THE JURY - Page 16**

## QUESTION 8

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate MHA for the damages, if any, that resulted from Defendant Gresham's misappropriation of MHA's trade secrets?**

Consider the following elements of damages, if any, and none other:

      A.     Reasonable and necessary expenses sustained by MHA.

"Reasonable and necessary expenses" include any sums that the plaintiff spent out of pocket as a natural, probable, and foreseeable consequence of the defendant's misappropriation of MHA's trade secrets.

Answer in dollars and cents for damages, if any.

**Answer:** _____

## QUESTION 9

**Conversion**

Conversion occurs when--

     1.     the plaintiff owned or had legal possession of the trade secret or entitlement to possession;

     2.     the defendant unlawfully and without authorization assumed and exercised dominion and control over the trade secret to the exclusion of, or inconsistent with, the plaintiff's rights as an owner;

     3.     the plaintiff demanded return of the property; and

     4.     the defendant refused to return the property.

You are instructed that a defendant's unlawful or unauthorized copying of electronic data is a form of exercising dominion and control over property that is inconsistent with a plaintiff's rights as the owner of the data.

**Did Defendant Gresham convert trade secrets belonging to MHA?**

Answer "Yes" or "No."

**Answer:**   Yes

*If you answered Yes to Question 9, then answer the following question. If you answered No, do not answer Question 10, and proceed to Question 11.*

COURT'S CHARGE TO THE JURY - Page 17

## **QUESTION 10**

**What sum of money, if paid now in cash, would fairly and reasonably compensate MHA for its damages, if any, for the loss of use of its property proximately caused by Gresham's conversion?**

Proximate cause means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred.  In order to be a proximate cause, the act or omission complained of must be such that a person suing the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.

Consider the following elements of damages, if any, and none other:

A. The reasonable value, if any, of the use of the trade secrets converted by Defendant Gresham for the period of time that Gresham exercised dominion and control over those trade secrets.

Answer in dollars and cents for damages, if any.

**Answer:** _$0.00_

## **QUESTION 11**

**Texas Theft Liability Act**

You are instructed that to prevail on this claim, MHA must prove by a preponderance of the evidence that:

(1) MHA had a possessory right to the trade secret;

(2) Gresham unlawfully appropriated the trade secret; and

(3) MHA sustained damages as a result of the theft.

You are further instructed that for the purposes of determining whether a violation occurred, "theft" or unlawful appropriation means Gresham, without MHA's consent, knowingly:

(1) stole MHA's trade secret with intent to deprive; or

(2) made a copy of an article representing MHA's trade secret; or

(3) communicated or transmitted MHA's trade secret.

Gresham has the intent to deprive if he intends to withhold the trade secrets from MHA permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to MHA.

You are further instructed that appropriation of property is unlawful if it is without the owner's effective consent.

**Do you find by a preponderance of the evidence that Gresham unlawfully appropriated, secured, or stole property of MHA that was a trade secret with the intent to deprive MHA of such trade secret, thereby causing MHA to suffer damages?**

Answer "Yes" or "No."

**Answer:** _No_

*If you answered Yes to Question 11, then answer Question 12.  If you answered No, then do not answer Question 12, and proceed to Question 13.*

## QUESTION 12

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate MHA for its damages, if any, that were proximately caused by Gresham's unlawfully appropriating, securing, or stealing MHA's trade secret?**

Consider the following elements of damages, if any, and none other:

      A.     Reasonable and necessary expenses sustained by MHA.

"Reasonable and necessary expenses" include any sums that the plaintiff spent out of pocket as a natural, probable, and foreseeable consequence of the defendant's unlawfully appropriating, securing, or stealing MHA's trade secrets.

Answer in dollars and cents for damages, if any.

**Answer:** _____

## QUESTION 13

**Fiduciary Duty**

A fiduciary relationship existed if MHA justifiably placed trust and confidence in Gresham to act in MHA's best interest. MHA's subjective trust and feelings alone do not justify transforming arm's-length dealings into a relationship of trust and confidence.

You are instructed that if you found that a fiduciary relationship existed between Gresham and MHA, then Gresham owed MHA a fiduciary duty at that time. To prove Gresham failed to comply with his fiduciary duty, MHA must show that Gresham used MHA's confidential, proprietary, and trade secret information acquired during his employment with MHA in a manner adverse to MHA. If you answered No to Question 6, then do not consider the existence of trade secrets in answering this Question.

This fiduciary duty did not prohibit Gresham from using the general knowledge, skill, and experience acquired during his employment with MHA. Nor did Gresham violate any fiduciary duty he may have owed to MHA by terminating his employment with MHA.

**Do you find by a preponderance of the evidence that a fiduciary duty existed between Gresham and MHA, and that Gresham failed to comply with his fiduciary duty:**

Answer "Yes" or "No."

**Answer:** ___NO_____

*If you answered Yes to Question 13, then answer Question 14 below. If you answered No to both Questions, then do not answer Question 14, and proceed to Question 15.*

**COURT'S CHARGE TO THE JURY - Page 20**

## <u>QUESTION 14</u>

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate MHA for its damages, if any, that were proximately caused by Gresham's breach of his fiduciary duty?**

Consider the following elements of damages, if any, and none other:

A.  MHA's reasonable and necessary expenses incurred as a natural, probable, and foreseeable consequence of Gresham's breach of his fiduciary duty to MHA?

B.  The value of the benefit obtained by Gresham through his breach of his fiduciary duty to MHA?

Proximate cause means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person suing the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

"Reasonable and necessary expenses" include any sums that the plaintiff spent out of pocket as a natural, probable, and foreseeable consequence of the defendant's breach of his fiduciary duty.

Answer in dollars and cents for damages, if any.

**Answer:** _____

## QUESTION 15

**BREACH OF CONTRACT**

**Question A.**

Did Defendant Gresham fail to comply with his Employment Agreement with MHA by failing to return property that belonged to MHA?

Answer "Yes" or "No."

**Answer:** _____Yes_____

**Question B.**

You are instructed that the Court has determined that, as a matter of law, Defendant Gresham violated the Non-Competition clause of his Employment Agreement with MHA when he went to work for Defendant Consilium in October 2012. Now, it is your task to determine the damages, if any, that MHA is entitled to recover for this breach.

The fact that the Court has made this determination should not influence your answers as to any of the other questions you must answer. You should answer those questions based on all the evidence you have heard together with the Court's instructions on the law. You should disregard the Court's determination on this one issue when deciding the other issues before you.

**What sum of money, if paid now in cash, would fairly and reasonably compensate MHA for its damages, if any, for Gresham's failure to comply with his Employment Agreement?**

Consider the following elements of damages, if any, and none other:

     A.     Reasonable and necessary expenses sustained by MHA.

     B.     Lost profits sustained by MHA.

"Reasonable and necessary expenses" include any sums that the plaintiff spent out of pocket as a natural, probable, and foreseeable consequence of the defendant's breach of his Employment Agreement with MHA.

Answer in dollars and cents for damages, if any.

**Answer:** _____$0.00_____

## QUESTION 16

**Did Defendant Bowden fail to comply with the Non-Interference clause in his Employment Agreement with MHA?**

Answer "Yes" or "No."

**Answer:** ___YES___

*If you answered Yes to Question 16, then answer Question 17. If you answered No, do not answer Question 17, and proceed to Question 18.*

## QUESTION 17

**What sum of money, if paid now in cash, would fairly and reasonably compensate MHA for its damages, if any, for Bowden's failure to comply with the Bowden Agreement?**

Consider the following elements of damages, if any, and none other:

    A.    Reasonable and necessary expenses sustained by MHA.

    B.    Lost profits sustained by MHA.

"Reasonable and necessary expenses" include any sums that the plaintiff spent out of pocket as a natural, probable, and foreseeable consequence of Bowden's failure to comply with the Non-Interference clause in his Employment Agreement with MHA.

Answer in dollars and cents for damages, if any.

**Answer:** ___$2,000.00___

## QUESTION 18

**Tortious Interference**

You are instructed that in order to find that Bowden intentionally interfered with the Non-Competition clause in Gresham's Employment Agreement with MHA, MHA must establish each of the following elements by a preponderance of the evidence:

    (1) the existence of a contract subject to interference;

    (2) a willful and intentional act of interference by Bowden that in fact caused interference with the Non-Competition clause in Gresham's Employment Agreement with MHA;

    (3) that such interference was a proximate cause of MHA's damages; and

    (4) actual damage or loss by MHA.

You are further instructed that in order to be subject to liability, Bowden must have had knowledge of the contract with which he is alleged to have interfered and of the fact that he was interfering with the performance of that contract.

**Did Bowden intentionally interfere with the Non-Competition clause in Gresham's Employment Agreement with MHA?**

Answer "Yes" or "No."

**Answer:** ___YES___

*If you answered Yes to Question 18, then answer Question 19. If you answered No, do not answer Questions 19 through 22, and proceed to Question 23.*

## QUESTION 19

**What sum of money, if paid now in cash, would fairly and reasonably compensate MHA for its damages, if any, from Bowden's interference with the Gresham Agreement?**

Consider the following elements of damages, if any, and none other:

    A.    Reasonable and necessary expenses sustained by MHA.

    B.    Lost profits sustained by MHA.

"Reasonable and necessary expenses" include any sums that the plaintiff spent out of pocket as a natural, probable, and foreseeable consequence of the defendant Bowden's interference with Gresham's Employment Agreement with MHA.

Answer in dollars and cents for damages, if any.

**Answer:** ___$0.00___

**COURT'S CHARGE TO THE JURY - Page 24**

## QUESTION 20

**Did Bowden recruit Gresham to leave MHA and join Consilium, while Bowden was acting as an employee of Consilium?**

You are instructed that an "employee" is a person in the service of another with the understanding, express or implied, that such other person has the right to direct the details of the work and not merely the result to be accomplished.

Answer "Yes" or "No."

**Answer:** _____YES_____

*If you answered Yes to Question 20, then answer Question 21. If you answered No, then do not answer question 21 or 22, and proceed to Question 23.*

## QUESTION 21

You are instructed that in order to find that Consilium intentionally interfered with the Non-Competition clause in Gresham's Employment Agreement with MHA, MHA must establish each of the following elements by a preponderance of the evidence:

(1) the existence of a contract subject to interference;

(2) a willful and intentional act of interference by Consilium that in fact caused interference with the Non-Competition clause;

(3) that such interference was a proximate cause of MHA's damages; and

(4) actual damage or loss by MHA.

Proximate cause means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

You are further instructed that in order to be subject to liability, Consilium must have had knowledge of the contract with which it is alleged to have interfered and of the fact that it was interfering with the performance of that contract.

**Did Consilium intentionally interfere with the Non-Competition clause in Gresham's Employment Agreement with MHA?**

Answer "Yes" or "No."

**Answer:** _____YES_____

*If you answered Yes to Question 21, then answer Question 22. If you answered No, then do not answer Question 22, and proceed to Question 23.*

**COURT'S CHARGE TO THE JURY - Page 25**

## QUESTION 22

**What sum of money, if paid now in cash, would fairly and reasonably compensate MHA for its damages, if any, from Consilium's interference with the Non-Competition clause in Gresham's Employment Agreement with MHA?**

Consider the following elements of damages, if any, and none other:

A.  Reasonable and necessary expenses sustained by MHA.

B.  Lost profits sustained by MHA.

"Reasonable and necessary expenses" include any sums that the plaintiff spent out of pocket as a natural, probable, and foreseeable consequence of the defendant's failure to comply with the agreement.

Answer in dollars and cents for damages, if any.

**Answer:** _$30,000.00_

## QUESTION 23

**Conspiracy**

To be part of a conspiracy, Bowden and Consilium must have had knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to MHA. One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy.

**Were Bowden and Consilium part of a conspiracy that damaged MHA?**

Answer "Yes" or "No."

Answer: _Yes_

**COURT'S CHARGE TO THE JURY - Page 26**

*Answer Question 24 only if you answered Yes to Question 21. If you answered No to Question 21, do not answer Question 24 or 25, and proceed to the Certificate Page.*

## QUESTION 24

**Do you find by clear and convincing evidence that the harm to MHA resulted from Consilium's malice?**

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Consilium to cause substantial injury or harm to MHA.

Answer "Yes" or "No."

**Answer:** _____YES_____

*If you answered Yes to Question 24, then answer Question 25. If you answered No, then do not answer Question 25, and proceed to the Certificate page.*


## QUESTION 25

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

      1. The nature of the wrong.

      2. The character of the conduct involved.

      3. The degree of culpability of Consilium.

      4. The situation and sensibilities of the parties concerned.

      5. The extent to which such conduct offends a public sense of justice and propriety.

      6. The net worth of Consilium.

**What sum of money, if any, if paid now in cash, should be assessed against Consilium and awarded to MHA as exemplary damages, if any, for the conduct found in response to Question 25?**

Answer in dollars and cents, if any.

**Answer:** _$124,000.00_

*Proceed to the Certificate page.*

**COURT'S CHARGE TO THE JURY - Page 27**

## CERTIFICATE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into Court as our verdict.

Dated January 27 , 2015

_Charles R. Baxxx_
Presiding Officer of the Jury (signature)